# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40295
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELEAZAR GARZA-PEREZ,

Defendant -Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-475-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eleazar Garza-Perez challenges the 60-month sentence imposed following his guilty-plea conviction for possession, with intent to distribute, 171 kilograms of marijuana, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1). Federal Border Patrol Agents arrested Garza and his brother for procuring and transporting the marijuana to a farm in McAllen, Texas. Garza asserts the court erred in denying his motion for a sentence

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

reduction under the safety-valve provision in Sentencing Guidelines §§ 5C1.2 (permitting district court to impose sentence below statutory minimum) and 2D1.1(b)(17) (decrease calculation by two levels for satisfaction of safety-valve provision).  He contends he was truthful with the court in claiming he had not sought his brother's assistance in transporting the drugs.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The decision whether to apply the safety-valve provision is reviewed for clear error.  *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

The safety-valve provision, in relevant part, requires defendant, at or before sentencing, to provide the Government with all the information and evidence he has concerning the offense.   U.S.S.G. § 5C1.2(a)(5).   After considering Garza's assertions, the court found his statements were not credible.  For obvious reasons, that finding is entitled to deference. *E.g., United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).  And, because that finding is plausible in view of the record as a whole, it is not clearly erroneous. *E.g., United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (citation omitted).

AFFIRMED.